# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DARRELL E. LEE,**

    **Plaintiff,**

                                 **Civil Action 2:18-cv-109**
                                 **Judge Michael H. Watson**
    v.                           **Magistrate Judge Chelsey M. Vascura**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Darrell E. Lee ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income. This matter is before the undersigned for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 8), the Commissioner's Response in Opposition (ECF No. 14), Plaintiff's Reply (ECF No. 15), and the administrative record (ECF No. 7). For the reasons that follow, the undersigned **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

                                 **I.    BACKGROUND**

Plaintiff protectively filed his application for supplemental security income on January 22, 2014, alleging a disability onset date of May 15, 2013. Plaintiff's application was denied initially on April 29, 2014, and upon reconsideration on September 8, 2014. Plaintiff sought a

hearing before an administrative law judge. The Administrative Law Judge Jeffrey Hartranft ("ALJ") held a hearing on August 19, 2016, at which Plaintiff appeared without counsel. The ALJ explained to Plaintiff that he had a right to representation and to update the record. The hearing was rescheduled for December 2, 2016. On December 2, 2016, the ALJ held a video hearing at which Plaintiff, represented by counsel, appeared and testified. Vocational expert Mark A. Pinti (the "VE") also testified at the December 2, 2016 video hearing. On February 22, 2017, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. On December 12, 2017, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. Plaintiff then timely commenced the instant action.

In his Statement of Errors (ECF No. 8), Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence because it omits limitations assessed by the state-agency examining consultants, Drs. Thompson and Sisson. (*Id.* at 7.) Plaintiff argues that despite assessing these opinions "partial" weight and stating that certain limitations contained in them were included in Plaintiff's RFC, the ALJ "distorted" the opinions and "ignored key details" when translating them into "'vocationally appropriate terms.'" (*Id.* at 7.) More specifically, Plaintiff asserts that the ALJ failed to include limitations for (1) Dr. Thompson's opinion that Plaintiff was unable to perform work requiring "repetitive" lifting and bending, and (2) Dr. Sisson's opinion that Plaintiff would do better in an environment with minimal distractions and redirection to tasks as needed and that Plaintiff may experience social withdrawal or avoidance. (*Id.* at 8-10).

The Commissioner counters that the ALJ reasonably accommodated Dr. Thompson's

opinions regarding repetitive lifting and bending in Plaintiff's RFC. (Def.'s Mem. in Opp. at 5-6. ECF No. 14.) With respect to Plaintiff's mental RFC, the Commissioner contends that the ALJ properly considered Dr. Sisson's opinion and reasonably accounted for the limitations he found credible. (*Id.* at 7-10.)

## II. THE ADMINISTRATIVE DECISION

On February 22, 2017, the ALJ issued his decision. (R. at 55-66.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 22, 2014, the application date. (*Id.* at 57.)

At step two, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, carpal tunnel

---

1. Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

   1. Is the claimant engaged in substantial gainful activity?

   2. Does the claimant suffer from one or more severe impairments?

   3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

   4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

   5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

syndrome of the right upper extremity, depressive disorder, and mood disorder. (*Id*.) The ALJ also found that Plaintiff had the non-severe impairment of poly-substance abuse. (*Id.* at 58.) At step three of the sequential process, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 58-59.) At step four, the ALJ set forth Plaintiff's RFC as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except can stand and walk for 15 minutes at a time; can change position from sitting to standing after sitting 1 hour at a time; can occasionally climb ramps and stairs, but not climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; can perform frequent handling and fingering on the right; must avoid hazards such as unprotected heights and machinery; can perform simple routine and repetitive tasks, involving only simple work-related decisions and with few, if any, workplace changes; cannot have strict production quotas or fast-paced work such as on an assembly line; and could have occasional interaction with the general public.

(*Id*. at 59-60.) In arriving at Plaintiff's RFC, the ALJ assigned "partial" weight to the opinions of the state-agency reviewing consultants and "partial" weight to the state-agency examining consultants, Drs. Thompson and Sisson. (R. at 62-63.) The ALJ assigned "little" weight to the opinions of treating physicians Drs. Chang and Sharma and physical therapist Ms. Forrestal. (*Id.* at 63-64.)

At step five of the sequential process, the ALJ, relying on the VE's testimony, found that considering Plaintiff's age, education, past work experience, and RFC, he can perform jobs that exist in significant numbers in the national economy. (*Id.* at 64.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. (*Id.*)

## III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial

5

right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV. ANALYSIS

The undersigned finds that remand is required because the ALJ accepted Dr. Sisson's opinions regarding distractions and redirection to task but failed to explain why such limitations were not incorporated in Plaintiff's mental RFC. Accordingly, the undersigned declines to analyze and resolve the alternative bases that Plaintiff asserts support reversal and remand.

The determination of a claimant's RFC is an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010). When considering the medical evidence and calculating the RFC, "'ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.'" *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)); *see also Isaacs v. Astrue*, No. 1:08–CV–00828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (holding that an "ALJ may not interpret raw medical data in functional terms") (internal quotations omitted). An ALJ is required to explain how the evidence supports the limitations that he or she sets forth in the claimant's RFC:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must

> also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96–8p, 1996 WL 374184, at *6–7 (internal footnote omitted).

In assessing Plaintiff's RFC, the ALJ considered the opinion of Dory Sisson, Ph.D., a state-agency consultative psychological examiner. (R. at 63.) Dr. Sisson opined that Plaintiff "would do better in an environment with minimal distractions with redirection to task as needed" and that Plaintiff's "[p]ace of performance is likely to be slower due to medical issues and his report of difficulty completing tasks in a timely manner." (*Id*. at 353.) She further opined that Plaintiff "would be capable of interacting appropriately with others at work, though psychological symptoms may lead to social withdrawal or avoidance," and that he is able to handle moderate work stress, but his "[m]ood or anxiety symptoms may increase under higher level of stress." (*Id*.) The ALJ assigned "partial" weight to the opinion of Dr. Sisson. (*Id*. at 63.) The ALJ explained the weight assessed to Dr. Sisson's opinion as follows:

> I assign partial weight to the psychological consultant's opinion (Dory Sisson, Ph.D., 3/24/2014, Exhibit 3F). Dr. Sisson observed, interacted with, and mentally tested the claimant before providing an opinion. However, she only spent a brief amount of time with the claimant, and did not address the degree of limitations in each domain and all of the mental limitations that the claimant would have. Yet, the opinion consisting of an explained GAF score of 60 with stated limitations is generally consistent with her findings and the record, which includes the limitation that "he would do better in an environment with minimal distractions with redirection to task as needed. Pace of performance is likely to be slower due to medical issues and his report of difficulty completing tasks in a timely manner." *This limitation has been incorporated in the claimant's residual functional capacity, but in more vocationally appropriate terms*.

(*Id.* (emphasis added).)

The undersigned concludes that despite the ALJ's apparent finding that Plaintiff requires "an environment with minimal distractions with redirection to task as needed," his RFC

determination failed to accommodate limitations relating to distractions and redirection. Certainly, an ALJ is not required to mirror or parrot medical opinions verbatim. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). But where, as here, the ALJ accepts a particular opinion and states it is consistent with the record, he must incorporate the opined limitations or provide an explanation for declining to do so. *See, e.g.*, *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9-10 (S.D. Ohio Dec. 21, 2017) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission); *Bookout v. Comm'r of Soc. Sec.*, No. 3:13-cv-463, 2014 WL 4450346, at *7 (E.D. Tenn. Sept. 10, 2014) (remanding case where, *inter alia*, "the ALJ adopted Dr. Fletcher's opinion in its entirety" but "ignored" certain limitations and stating that the ALJ "had a duty to explain" why she declined to adopt the limitations).

The Commissioner's post hoc rationalization that the ALJ "reasonably minimized Plaintiff's exposure to distractions and thus, the need for redirection," (Def.'s Mem. in Opp. at 8, ECF No. 14), is unavailing. The ALJ's opinion offers no such explanation and such a conclusion does not necessarily flow from the limitations incorporated in the RFC. *Cf. Brown v. Comm'r of Soc. Sec.*, No. 1:14 CV 2479, 2016 WL 852528, at *3 (N.D. Ohio Mar. 4, 2016) (finding insufficient articulation in the ALJ's decision to support the RFC where "restrictions to simple, low stress and routine work with limited interaction with others d[id] not specifically address the exact limitation of a periodic loss of focus and the need for redirection, which limitations were found by medical opinions that . . . the ALJ concluded were 'supported by objective evidence.'"). Thus, the ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether

8

substantial evidence supports his decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11CV1095, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision").

In sum, the undersigned finds that reversal is warranted because the ALJ relied upon Dr. Sisson's opinion to conclude that Plaintiff required limitations relating to distractions and redirection, but failed to include such limitations or offer an explanation for how the RFC he assessed accommodates such limitations. Accordingly, it is **RECOMMENDED** that Plaintiff's contention of error be **SUSTAINED**.

## V. DISPOSITION

Due to the error outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). The undersigned therefore **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## VI. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE